JUSTICE COTTER
dissents.
¶45 The Court appears to premise its due process decision on two bases: (1) DOR’s decision to enforce the MABC was “neither mean-spirited nor deceitful”; and (2) the sanction imposed upon Shelby Distributors was not so “fundamentally unfair... that it violates Shelby Distributors’ due process rights.” Opinion, ¶ 25. The rationale, in other words, is that fining Shelby for past lawful conduct is not quite bad enough to merit reversal-a low bar by any measure. I dissent from this offhand approach for the reasons set forth in Justice Nelson’s dissent and those set forth below.
¶46 As we stated in Small v. McRae, 200 Mont. 497, 651 P.2d 982 (1982), “due process is not a fixed concept but, rather, is one which must be tailored to each situation in such a way that it meets the needs and protects the interests of the various parties involved.” Small, 200 Mont. at 507, 651 P.2d at 988. Moreover, “[a] determination of whether the procedures followed in any given case [are] constitutionally sufficient requires an analysis of the governmental and private interests that are affected by the action taken.” Small, 200 Mont. at 506, 651 P.2d at 988. In addition to containing a “procedural” aspect, the “ ‘due process clause [also] contains a substantive component which bars arbitrary governmental actions regardless of the procedures used to implement them ....’ ” Powell v. State Compensation Ins. Fund, 2000 MT 321, ¶ 28, 302 Mont. 518, 15 P.3d 877 (quoting Newville v. State, Dept. of Family Servs., 267 Mont. 237, 249, 883 P.2d 793, 800 (1994)). Thus, under the due process clause, “the State cannot use its power to take unreasonable, arbitrary or capricious action against an individual....” Powell, ¶ 29.
¶47 As the Court notes, “the phrase ‘due process’ ... expresses the requirements of ‘fundamental fairness.’ ” Opinion, ¶ 17 (quoting In re A.F.-C., ¶ 50). This means the procedures used by the State must be *500 “fair.” In re A.F.-C., ¶ 50. So, the fulcrum of the due process analysis should not be whether DOR’s decision was mean-spirited; it should be whether it is fundamentally fair for the State to approve Shelby’s loans and then penalize Shelby for relying on that approval. It would be one thing if DOR’s decision had been purely prospective, advising Shelby it could no longer make loans to alcohol retailers in the future. However, since the State already approved past loans, it is simply not “fundamentally fair” for the State to impose sanctions on Shelby because it did what the State said it could do. “[RJegardless of the procedures used to implement” such governmental action, Powell, ¶ 28, affirming a sanction here is just plain capricious and wrong.
¶48 Just as the prohibition on ex post facto laws prevents the government from retroactively criminalizing conduct which was lawful when it was performed, See State v. Young, 2007 MT 323, ¶ 58, 340 Mont. 153, 174 P.3d 460 (Cotter, J., dissenting), due process and “fundamental fairness” should prohibit the State from explicitly approving a course of action only to turn around and penalize it-regardless of the extent to which the duties and functions of DO J and DOR are separate. See Opinion, ¶¶ 21-25. The loans previously approved by DOJ which Shelby had already consummated are a done deal; as between the two, it should be the State, not the citizen, which bears the consequence of the conflicting actions of the State’s own agents.
¶49 I would reverse the imposition of sanctions against Shelby Distributors. I dissent from the Court’s failure to do so.